UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:                                          In Proceedings Under Chapter 7

LEAH A. LOVE,
                                                Case No. 08-12656
        Debtor.
-------------------------------------------
MELVIN POLLARD,

        Plaintiff,                         Adv. Proc. No. 09-1060

v.

LEAH A. LOVE,

        Defendant.

**MEMORANDUM OF OPINION AND ORDER**

  Before the Court is the Debtor's Motion to Dismiss Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff, Melvin Pollard, opposes the Motion. The Court acquires core matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), 28 U.S.C. § 1334, and General Order Number 84 of this District. After conducting a duly-noticed hearing on the matter, and considering the pleadings filed by the respective parties, the following findings of fact and conclusions of law are rendered:

*

  Defendant moves to dismiss Plaintiff's dischargeability complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. With respect to Plaintiff's claims that the debt owed to him is non-dischargeable pursuant to 11 U.S.C. § 523 and that the Debtor should be denied a general discharge pursuant to 11 U.S.C. § 727, the Debtor seeks dismissal because Plaintiff's complaint was allegedly untimely filed. Specifically, the Debtor alleges that the complaint was filed more

1

than 60 days after the first date set for her § 341 meeting in violation of Bankruptcy Rule 4007(c), Fed. R. Bank. P. The date first set for the Debtor's § 341 meeting was May 22, 2008 and accordingly, the deadline to object to discharge was July 21, 2008. With respect to Plaintiff's claim that the Debtor's case should be dismissed pursuant to 11 U.S.C. § 707, the Debtor alleges that Plaintiff lacks standing to pursue dismissal under that provision.

In opposition, Mr. Pollard responds that he has participated in the case since its inception and that he attempted to timely file his complaint, but that his complaint was returned to him for various deficiencies. Attached to his complaint is a Memorandum from the Court dated July 21, 2008, indicating that his complaint was being returned for failure to pay the filing fee, failure to include an adversary proceeding cover sheet and use of an incorrect summons. This Court's record also indicates that Mr. Pollard attempted to re-file this adversary proceeding on August 12, 2008 but the complaint was returned because the Debtor's case had been closed and no pleadings could be accepted without a Motion to Reopen case being filed. Mr. Pollard filed a Motion to Reopen Case on September 24, 2008, which this Court granted on December 30, 2008. Mr. Pollard filed this adversary proceeding on February 5, 2009.

***

The issues for this Court to determine are whether Plaintiff's complaint objecting to discharge pursuant to 11 U.S.C. §§ 523 and 727 should be dismissed as untimely filed and whether Plaintiff's complaint objecting to discharge pursuant to 11 U.S.C. § 707 should be dismissed because the Plaintiff lacks standing pursuant to that provision.

****

Defendant moves to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., which provides:

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

2

(6) failure to state a claim upon which relief can be granted.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County*, 814 F.2d 277, 279 (6th Cir. 1987)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (citations and internal quotation marks omitted). The defendant bears the burden to prove that no claim has been stated. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

\*\*\*

The Debtor alleges that Mr. Pollard's complaint was filed untimely pursuant to Rule 4007(c), Fed. R. Bank. P., which states in pertinent part that:

> (c) Time for Filing a Complaint Under § 523(c) in a Chapter 7 Liquidation . . . Notice of Time Fixed.
>
> Except as provided in subdivision (d), a complaint to determine dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . .

Rule 4007(c), Fed. R. Bank. P.

3

The time limit found in Bankruptcy Rule 4007(c) is not jurisdictional and the court may exercise its equitable powers to allow an untimely filing. *In re Maughn*, 340 F.3d 337, 344 (6th Cir. 2003). The factors to consider when deciding whether to apply the doctrine of equitable tolling are "1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; 5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.*

Herein, Mr. Pollard had actual notice of the filing requirement and it appears that he attempted to timely file his complaint, but it was returned for various procedural deficiencies. In this respect, the Court finds that Mr. Pollard lacked constructive knowledge of the requirements for filing an adversary proceeding as shown by the return of his first attempted filing in July 2008. That pleading, which was timely had it been accepted by the Court, was returned for failure to include an adversary proceeding cover sheet, failure to remit the filing fee and use of an incorrect summons. The Debtor does not dispute the allegations in Mr. Pollard's opposition to her Motion to Dismiss with respect to his attempt to timely file his dischargeability action.

With respect to the diligence factor, Mr. Pollard has been active in the Debtor's bankruptcy proceeding since early in the case. The Debtor filed her petition on April 14, 2008. On May 9, 2008, Mr. Pollard filed his first pleading with this Court titled, "Notice of Motion for an Order Granting Telephonic to Partake in the 9:00 a.m., May 22, 2008 Meeting of Creditors and Stay of Proceedings." On May 14, 2008, Mr. Pollard filed a "Notice of Motion for an Order Granting Request for Debtor's Papers Filed" in which he sought to obtain copies of all papers filed in the Debtor's case. This request was denied because he failed to specify which documents he wanted and failed to remit payment for copies of the documents. Mr. Pollard has actively

4

participated in the Debtor's case since shortly after its filing and has been diligent in pursuing his claim against the Debtor, albeit with procedural deficiencies. The Debtor was aware of Mr. Pollard's claim against her, as evidence by her including him as an unsecured creditor on her schedules. Furthermore, Mr. Pollard had filed, pre-petition, a complaint against her in Cuyahoga Court of Common Pleas for breach of contract.

While the Debtor may begrudge having to defend against Mr. Pollard's dischargeability claim, such concern is outweighed by the prejudice Mr. Pollard will suffer if not permitted to pursue his action. Accordingly, the Debtor's Motion to Dismiss on the basis that Mr. Pollard's complaint was untimely filed is hereby denied.

With respect to the Debtor's Motion to Dismiss Plaintiff's complaint pursuant to 11 U.S.C. § 707(b), such relief is granted. In cases where the debtor has below-median income, only the judge or the United States Trustee may seek dismissal of the debtor's case pursuant to § 707(b). Specifically, 11 U.S.C. § 707(b)(6) states in pertinent part:

> (b)(6) Only the judge or United States Trustee . . . may file a motion under section 707(b), if the current monthly income of the debtor . . . when multiplied by 12, is equal to or less than—
>
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

11 U.S.C. § 707(b)(6).

Herein, according to the Debtor's Form 22, Chapter 7 Statement of Current Monthly Income and Means Test Calculation, her annualized current monthly income is $36,411.95 with a household size of one. The applicable family median income for a household size of one in Ohio

5

is $40,168.00. Because the Debtor has below-median income, Mr. Pollard is without standing to seek dismissal of her case pursuant to 11 U.S.C. § 707(b).

\*\*\*\*

Accordingly, the Debtor's Motion to Dismiss is granted in part and denied in part as stated herein. Mr. Pollard's objection thereto is sustained in part and overruled in part as stated herein. Each party is to bear its respective costs.

**IT IS SO ORDERED.**
Dated this \_\_\_\_ day of
December, 2009.

**JUDGE RANDOLPH BAXTER**
**UNITED STATES BANKRUPTCY COURT**